1

# UNITED STATES DISTRICT COURT

2

## DISTRICT OF NEVADA

3

4

PERRY TURPIN and WANDA TURPIN,       )
                                     )
5
                    Plaintiffs,      )      Case No.: 2:12-cv-01694-GMN-PAL
                                     )
6       vs.                          )
                                     )              **ORDER**
7   BANK OF AMERICA, N.A.,            )
                                     )
8                   Defendant.        )
                                     )
9 _____)

10          This declaratory judgment action was originally filed before this Court along with a

11  Notice of Lis Pendens (ECF No. 3) and Notice of Pendency of Action (ECF No. 4), by *pro se*

12  Plaintiffs Perry and Wanda Turpin. (Compl., ECF No. 1.)  Pending before the Court is the

13  Motion to Dismiss and Cancel Lis Pendens (ECF No. 11) and Request for Submission (ECF

14  No. 20) filed by Defendant Bank of America, N.A. ("Bank of America").

15  **I.      BACKGROUND**

16          Plaintiffs filed this action requesting declaratory judgment pursuant to the Nevada

17  Uniform Declaratory Judgments Act, sections 30.010 through 30.160 of Nevada Revised

18  Statutes, as to two properties located at 3318 N. Decatur Blvd., Bldg. 9, Units 1068 and 2066,

19  Las Vegas, NV, 89130. (Compl., ECF No. 1.)  Plaintiffs allege that Bank of America "does not

20  hold interest" in the properties, and that Bank of America's "claim to holding interest in the real

21  property under the deed of trust is the subject matter of this litigation." (Compl., 1:¶¶2–3.)

22  **II.     LEGAL STANDARD**

23          Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a

24  cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l*

25  *v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to

dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132,

1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.  DISCUSSION

The Nevada Uniform Declaratory Judgments Act provides that any person interested

under a deed or other contract or legal instrument may seek a court's determination of any question of construction or validity arising under the instrument, and obtain a declaration of rights, status or other legal relations. Nev. Rev. Stat. § 30.040(1).  A court may refuse to render or enter a declaratory judgment or decree where such an order would not terminate the uncertainty or controversy giving rise to the action. Nev. Rev. Stat. § 30.080.

Here, Plaintiffs seek a declaratory judgment in order to "guide the parties in their future course of conduct." (Compl., 3:¶6.)  Specifically, Plaintiffs request a declaration "that defendants are required to show original loan documentation, proof of legality of ownership, including Chain of Title."[1] (Compl., 4:¶1.)  Plaintiffs also request compensatory and punitive damages and such other relief as the Court deems just and proper. (Compl., 4:¶¶2–3.)  In support of their allegations, Plaintiffs refer to the "Dodd-Frank Wall Street Reform and Consumer Protection Act," the "Volcker Rule," and "The National Mortgage Settlement." (Compl., 3–4.)

In its motion, Bank of America provides publicly recorded copies of the Deed of Trust and Assignment for each of the two properties. (Exs. A–D to Mot. to Dismiss, ECF No. 11.) These judicially noticeable documents show that in December 2005, Silver State Financial Services, Inc., dba Silver State Mortgage ("Silver State") provided Plaintiffs two loans secured by the Deed of Trust for each of the properties. (*Id*.)  For both the Unit 1068 property and the Unit 2066 property, the Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary solely as nominee for the Lender and the Lender's successors and assigns. (*Id*.)  For the Unit 1068 property, an Assignment of the beneficial interest was executed and recorded by MERS in March 2011, transferring the beneficial interest to Bank of America as successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home

---

[1] Although Plaintiffs refer to "defendants," Bank of America is the sole Defendant named in the Complaint (ECF No. 1).

Loans Servicing, LP. (Ex. B to Mot. to Dismiss, ECF No. 11-2.)  For the Unit 2066 property, an Assignment of the beneficial interest was executed and recorded by MERS in February 2012, transferring the beneficial interest to U.S. Bank National Association. (Ex. D to Mot. to Dismiss, ECF No. 11-4.)

Based upon these documents, the Court cannot find that any genuine uncertainty or controversy has been pleaded by Plaintiffs so as to justify the Court's exercise of discretion in entering declaratory judgment.  Plaintiffs' references to the "Dodd-Frank Wall Street Reform and Consumer Protection Act," the "Volcker Rule," and "The National Mortgage Settlement" also provide no support for Plaintiffs' request.

Most significant, neither these documents, nor Plaintiffs' pleading, provide any factual basis to support Plaintiffs' apparent claims that Bank of America has asserted an illegitimate claim to the properties.

For these reasons, the Court finds that Plaintiffs have failed to sufficiently state a legally cognizable claim upon which relief could be granted, and will grant the Motion to Dismiss (ECF No. 11) pursuant to Rule 12(b)(6).  Although the Court can identify no specific amendment that may cure these deficiencies, the Court does not find that "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment" or other grounds for denial of leave to amend exist here.  Accordingly, Plaintiffs will be given leave to amend if they are inclined to do so.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 11) is **GRANTED**. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED without prejudice**.  Plaintiffs shall have until **Friday, October 11, 2013**, to file an amended pleading, curing the deficiencies identified in this Order.  Failure to file an amended pleading by this deadline will result in **DISMISSAL**

of the action **with prejudice**.

 **IT IS FURTHER ORDERED** that the Defendant's Motion to Cancel Lis Pendens (ECF No. 11) is **DENIED without prejudice**.

 **IT IS FURTHER ORDERED** that the Request for Submission of Motion to Dismiss (ECF No. 20) is **DENIED**.

 **DATED** this 19th day of September, 2013.

_____

Gloria M. Navarro
United States District Judge